IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DERRICK JERMAINE JORDAN )
)
v. ) NO. 1:07-0063
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# **R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered August 14, 2007 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. By Order entered February 25, 2008 (Docket Entry No. 29), the action was transferred to the undersigned Magistrate Judge.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 21) filed on behalf of Dr. f/n/u Marable, Genna Tucker, and Billy Rasson. The plaintiff has responded in opposition to the motion, see Docket Entry No. 35, and the defendants have filed a reply (Docket Entry No. 42). For the reasons set out below, the Court recommends that the motion be granted.

# I. BACKGROUND

The plaintiff, an inmate at the Metro-Davidson County Detention Facility, filed this action pro se and in forma pauperis on August 14, 2007. He seeks damages under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have occurred during his confinement at the South Central Correctional Complex ("SCCC") in 2007. He alleges that he was denied adequate medical care for an injury which he suffered. Nine defendants are named in the complaint: Corrections Corporation of America, Inc., ("CCA"), the Tennessee Department of Correction ("TDOC"), Dr. f/n/u Marable, Lisa Edwards, Genna Tucker, Harry Crist, Billy Rasson, John Usher, and South Central Correctional Complex.

By Order entered August 14, 2007 (Docket Entry No. 3), service packets were mailed to the plaintiff and process was ordered to issue to the defendants upon the return of completed service packets. The plaintiff returned service packets for all defendants except for CCA, TDOC, and the SCCC. Process was then issued to the individual defendants.[1] Defendants Edwards and Crist thereafter filed a joint answer (Docket Entry No. 26) to the complaint.

The pending motion to dismiss was filed on behalf of defendants Marable, Tucker, and Rasson. The defendants seek dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure contesting service of process. They contend that they have not been properly served because they

---

[1] Because service packets were not returned by the plaintiff for CCA, TDOC, or SCCC, the Clerk did not issue summons for service by the U.S. Marshal on these three defendants. The plaintiff was specifically notified that summons had not been issued for these three defendants by Order entered January 17, 2008, and given a deadline to return service packets for the three defendants. See Docket Entry No. 23. To date, the plaintiff has not returned service packets for these three defendants or otherwise indicated a desire to have them served.

are no longer employed at the SCCC and that the summons and complaint sent to them were mailed to the SCCC and accepted by an employee at the SCCC.

In his response in opposition, the plaintiff does not address the issue of service of process but merely requests that the defendants not be dismissed because they were all involved in some manner in the events underlying the plaintiff's complaint. See Docket Entry No. 35.[2]

## II. ANALYSIS

In the instant action, service of process was not made personally upon defendants Marable, Tucker, and Rasson. An employer at the SCCC signed for certified mail including the summons and complaint. However, the three defendants no longer worked for SCCC at the time. Rule 4(e)(2) of the Federal Rules of Civil Procedure specifically provides that, when service of process is not made on the individual personally or is not made at the individual's dwelling or usual place of abode, service may be accomplished only by delivering a copy of the complaint and summons to "an agent authorized by appointment or by law" to receive service of process. Babb v. Bridgestone/Firestone, 861 F. Supp. 50, 51-51 (M.D. Tenn. 1993). The plaintiff has not shown that the person who accepted the service packets on behalf of defendants Marable, Tucker, and Rasson was authorized to accept service on their behalf.

A plaintiff is responsible for serving the defendants with a summons and the complaint within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires a plaintiff to properly serve the defendant within 120 days of the filing of the complaint.

---

[2] In their reply, the defendants anticipated that, although the plaintiff's response was styled as a "motion to keep defendants alive," it would be considered by the Court to be his response. They then requested that the response be stricken as untimely. This request should be denied.

3

The plaintiff has not shown that he effected proper service upon these three defendants within the 120 day period.

# R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS:

1) that the defendants' motion to dismiss (Docket Entry No. 21) be GRANTED;

2) that the plaintiff's motion to keep defendants alive (`Docket Entry No. 35`) be DENIED, and be construed as a response to the defendants' motion to dismiss;

3) that the defendants' request in their reply to strike the plaintiff's response be DENIED; and

4) that Defendants Dr. f/n/u Marable, Genna Tucker, and Billy Rasson be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

    JULIET GRIFFIN
    United States Magistrate Judge

4