IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

DERRICK JERMAINE JORDAN )
)
v. ) NO. 1:07-0063
)
CORRECTIONS CORPORATION OF )
AMERICA, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered August 14, 2007 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court. By Order entered February 25, 2008 (Docket Entry No. 29), the action was transferred to the undersigned Magistrate Judge.

Presently pending before the Court is the motion for summary judgment (Docket Entry No. 78) filed on behalf of Lisa Edwards and Harry Crist. The plaintiff has filed a response in opposition (Docket Entry No. 88). Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The plaintiff, a former prison inmate, filed this action pro se and in forma pauperis on August 14, 2007. He seeks damages under 42 U.S.C. § 1983 for violations of his constitutional

rights alleged to have occurred during his confinement at the South Central Correctional Complex ("SCCC") in 2007. Nine defendants were named in his complaint: Corrections Corporation of America, Inc. ("CCA"), the Tennessee Department of Correction ("TDOC"), Dr. f/n/u Marable, Lisa Edwards, Genna Tucker, Harry Crist, Billy Rasson, John Usher, and SCCC.

Of the nine defendants, only defendants Lisa Edwards, the former SCCC Health Administrator, and Harry Crist, a SCCC correctional officer, answered the complaint (Docket Entry No. 26) and remain in the action. Process was not issued to CCA, TDOC, or SCCC because the plaintiff did not return service packets for these defendants.[1] By Order entered May 20, 2008 (Docket Entry No. 60), defendants Marable, Tucker and Rasson were dismissed from the action because they had not been properly served with process in accordance with Rule 4(e)(2) of the Federal Rules of Civil Procedure.

The plaintiff alleges that he was denied adequate medical care for an injury which he suffered at the SCCC. Specifically, he asserts that he was injured on May 5, 2007, while playing basketball and was seen by Dr. Marable that day. The plaintiff contends that Dr. Marable diagnosed a torn Achilles tendon and stated that surgery would be required. The plaintiff alleges that he requested more pain medication on May 13, 2007, which was the last medication he received until June 13, 2007. The plaintiff asserts that he was taken to an outside specialist on June 14, 2007, but was told that his tendon had already started to heal and that there was no need for surgery. The plaintiff alleges that he was also told that he would likely be unable to "walk the same again" since

---

[1] By Order entered January 17, 2008 (Docket Entry No. 23), the plaintiff was notified that summons had not been issued for these three defendants and was given twenty days to return service packets for them. He did not return service packets or otherwise indicate a desire to have the defendants served.

2

the tendon had been permitted to heal on its own without surgery. See Complaint (Docket Entry No. 1), at 6.

## II. MOTION FOR SUMMARY JUDGMENT AND RESPONSE

The defendants first argue that they did not have any personal involvement in the alleged constitutional wrongdoing. Defendant Crist contends that it is undisputed that his only involvement in the events at issue is that he filled out an accident report about the plaintiff's injury and it is further undisputed that he had no involvement in any aspect of the plaintiff's health care. Defendant Edwards contends that, although she was the SCCC Health Administrator in 2007, it is undisputed that she did not have direct interaction with or speak to the plaintiff about his injury, and she denies that she took any action to prevent the plaintiff from obtaining medical care. Defendant Edwards contends that the plaintiff admitted in his deposition that he is suing her simply because she was the Health Services Administrator.

The defendants next argue that the facts fail to support a claim that the plaintiff received constitutionally inadequate health care at the SCCC. The defendants assert that the plaintiff was transferred from the SCCC to a TDOC facility on May 14, 2007, nine days after his injury, and spent the next three weeks at that facility. They contend his transfer caused him to miss two appointments which had been scheduled with an orthopedist to address his injury and that he was seen by an orthopedist within ten days after his transfer back to the SCCC on June 4, 2007.

The defendants support their motion with their own declarations (Docket Entry Nos. 79 and 80), the declaration of current SCCC Health Administrator Patsy Clark (Docket Entry No. 81), and with portions of the plaintiff's deposition (Docket Entry No. 78-1).

In response, the plaintiff argues that it is undisputed that his Achilles tendon injury was a serious medical need and that approximately six weeks elapsed between his initial examination by Dr. Marable and his first follow-up examination. He asserts that defendant Crist knew of his injury and should have taken steps to make sure that the plaintiff was treated and that defendant Edwards, as the health administrator, was responsible for ensuring that the medical needs of inmates at the SCCC were met in a timely fashion. The plaintiff also contends that the outside consultation request attached to the declaration of Patsy Clark, see Exhibit (Docket Entry No. 81-1), which upon which Ms. Clark relies to show that two appointments had been set up for the plaintiff, should be excluded because the plaintiff has not had the opportunity to cross reference the handwriting on the document with the handwriting of the person who scheduled his appointment with the outside clinic on June 14, 2007. See Docket Entry No. 88.

## III. STANDARD OF REVIEW

Rule 56(c) of the Federal Rule of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

The Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must

4

respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Chao v. Hall Holding Co., Inc., 338 F.3d 557, 566 (6th Cir. 2003); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed. 2d 569 (1968).

## IV. ANALYSIS

The motion for summary judgment should be granted and this action should be dismissed as to both defendants.

It is well-settled that a defendant cannot be held liable under 42 U.S.C. § 1983 for alleged constitutional violations absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). The plaintiff must show that the defendant personally participated in, or otherwise authorized, approved, or knowingly acquiesced in, the allegedly unconstitutional conduct. See

5

Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264 (2000); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989).

It is undisputed that defendant Crist was merely a correctional officer and had no role in the provision of health care to inmates at the SCCC, let alone the provision of health care to the plaintiff for his ankle injury. There are no facts before the Court showing that defendant Crist had any type of personal involvement in decisions regarding the plaintiff's health care. See Plaintiff's Deposition (Docket Entry No. 78-1), at 43-46. The plaintiff is simply incorrect in his belief that defendant Crist can be found constitutionally liable because he did not take some kind of action to ensure that the plaintiff received medical care. Defendant Crist is not a medical care provider, and the undisputed facts show that the plaintiff was taken to the SCCC medical clinic for treatment after his injury.

With respect to defendant Edwards, it is undisputed that defendant Edwards was not personally involved in treating the plaintiff and that she had no direct interaction with him. See Plaintiff's Deposition, at 50 and 58. However, it is not clear from the record before the Court that, as the health services administrator, she did not have a role in either coordinating or approving the provision of health care to the plaintiff for his injury. The approval of and coordinating of outside speciality consultations, such as the one requested for the plaintiff, are clearly the responsibility of someone within the SCCC medical staff. In her declaration, defendant Edwards does not deny that these duties were within her responsibility as the health services administrator or explain the nature of her duties. See Docket Entry No. 80.

Although a defendant cannot be deemed liable under Section 1983 under a theory of respondeat superior or merely because she is in a supervisory position, Shehee, 199 F.3d at 300;

6

Hays v. Jefferson County, 668 F.2d 869, 872 (6th Cir. 1982), a supervisory official can be found liable if she had an actual role in decisions made regarding health care, even though the official had no direct, personal involvement in treating the plaintiff. Based on the record before the Court, a factual question exists regarding whether defendant Edwards had the type of supervisory duties which would support a claim of personal liability against her.

This factual dispute fails to rise to the level of a genuine issue of material fact, however, because there are no facts supporting a claim that defendant Edwards acted with deliberate indifference toward the plaintiff regarding his injury. An actionable Eighth Amendment claim contains a subjective[2] component that demands a showing that the defendant acted with a sufficiently culpable state of mind, i.e., deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). Thus, it is well-settled that neither negligence nor medical malpractice will support a constitutional claim. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir. 1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Further, the Eighth Amendment does not guarantee a prison inmate the optimum or best medical treatment. Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978).

In the instant action, the undisputed facts show that the plaintiff was seen by Dr. Marable on May 5, 2007, and that Dr. Marable made a request that day for a follow-up orthopedic consultation for the plaintiff. See Docket Entry No. 81-1. There is no indication in the record that an emergency situation existed or that Dr. Marable ordered immediate treatment or immediate transportation to an

---

[2] The defendants do not dispute that the plaintiff's injury constituted a serious medical need and satisfies the objective part of his claim.

outside medical care provider or that he even requested that the consultation occur within a certain time period. Id. The undisputed facts show that an outside consultation was scheduled for May 16, 2007, id., but that the plaintiff was transferred away from the SCCC prior to that date. After the plaintiff's return to the SCCC on June 4, 2007, he was taken for an outside consultation ten days later.[3]

There are no facts showing that defendant Edwards took any action to delay the provision of medical care to the plaintiff, took any action which was contrary to the orders of Dr. Marable, or took any action which evidences deliberate indifference on her part. It is unfortunate that the plaintiff was transferred away from the SCCC prior to his orthopedic consultation, but the provision of medical care to him at the SCCC was clearly delayed by his transfer not by any action or inaction on the part of defendant Edwards. No reasonable jury could find that defendant Edwards violated the plaintiff's constitutional rights.

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS the motion for summary judgment (Docket Entry No. 78) of Defendants Lisa Edwards and Harry Crist be GRANTED and that this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

---

[3] The Court finds no merit to the plaintiff's argument that the exhibit to the declaration of Mrs. Clark should be excluded from consideration.

8

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                           Respectfully submitted,

                           JULIET GRIFFIN
                           United States Magistrate Judge